# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-1387V
### Filed: September 25, 2019
UNPUBLISHED

|  |  |
|---|---|
| JODI COOPER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for petitioner.*
*Amy Paula Kokot, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 24, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of her October 30, 2015 Hepatitis A ("Hep A") vaccination. Petition at 1. On November 7, 2018, the undersigned issued a decision awarding compensation to petitioner in the amount of $113,642.33. ECF No. 56.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 10, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 65.  Petitioner requests attorneys' fees in the amount of $62,606.90 and attorneys' costs in the amount of $8,193.87.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $70,800.77.

On July 18, 2019, respondent filed a response to petitioner's motion.  (ECF No. 66.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On July 23, 2019, petitioner filed a reply.  ECF No. 67.  Petitioner "respectfully requests that the Court award petitioner all fees and costs requested in Petitioner's Application."  *Id.*

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of requested fees to be appropriate for the reasons listed below.

## I.    Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II.    Attorneys' Fees

Petitioner requests attorneys' fees in the amount of $62,606.90. This includes time billed by both Leah Durant and attorney, Mike Milmoe, to attend and participate in a hearing that took place in Portland, Maine in July 2018.  In the affidavit filed with petitioner's motion for attorneys' fees, Mr. Milmoe states that this hearing was the "first damages case to be ever tried by this law firm." ECF No. 65-3 at 3.  Mr. Milmoe also states that it was determined that although Ms. Durant is the attorney of record "it would be wise for me to serve as lead counsel." *Id.*  The undersigned does question, however, the use of two very skilled and experienced attorneys traveling for a one-day hearing in a SIRVA case.  Ms. Durant's participation in the hearing did provide her with trial experience, however the case could have been handled solely by Mr. Milmoe, being the more experienced trial attorney.  Upon review of the time sheets, it appears that Ms. Durant and Mr. Milmoe billed duplicate time for the hearing, as well as travel to and from the hearing.

Based on the undersigned's knowledge in fee decisions, the overall amount requested is extraordinarily high even considering that a hearing was held.  The undersigned reduces the overall request for attorneys' fees by 10 percent. This results in a reduction of **$6,260.69**.

## III.    Attorneys' Costs

Petitioner requests reimbursement for attorney costs of $8,193.87 which includes costs for medical records, filing fees, travel, and hearing transcripts. ECF No. 65-2. The undersigned finds most of the costs reasonable, however the cost for air fare and hotel costs regarding the damages hearing held on July 19, 2018 are excessive. Ms. Durant and her associate, Mike Milmoe, both attended and participated in the hearing held in Portland, ME.  Ms. Durant submitted reimbursement for two first class airline tickets from Washington, D.C to Portland, ME for the damages hearing.  *Id.* at 14-15.   It is well-established that the Vaccine Program does not compensate for upgraded methods of travel, such as first-class airfare.  *Kreten v. Sec'y of Health & Human Servs.*, No. 15-504V, 2018 WL 6819553 (Fed. Cl. Spec. Mstr. Nov. 30, 2018); *Sharpe v. Sec'y of Health & Human Servs.*, No. 14-065V, 2018 WL 3990867 (Fed. Cl. Spec. Mstr. July 6, 2018); *McCulloch*, 2015 WL 5634323.  The undersigned will make an exception regarding the airline ticket for Mr. Milmoe.  In the affidavit provided, Mr. Milmoe states that he has a medical condition of deep vein thrombosis and osteoarthritis. ECF No. 65-3 at - 4.  In support of his claim, Mr. Milmoe filed a letter from his physician who diagnosed his condition.  *Id.* at 5 - 6.  Regarding the first-class airfare for Ms. Durant,

there is no reasoning to support her first-class ticket.  The undersigned reduces the request for attorney costs by **$769.40**, the cost for Ms. Durant's first-class ticket.[3]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $63,770.68[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Leah VaSahnja Durant.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Ms. Durant has previously had her request for attorney costs reduced for purchasing first class airfare. *Kreten* , 2018 WL 6819553 *3.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.